COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|  | § |  |
|---|---|---|
| LOUIS TERRANCE SMITH, | | No. 08-08-00042-CR |
| | § | |
| Appellant, | | Appeal from |
| | § | |
| v. | | 203rd District Court |
| | § | |
| THE STATE OF TEXAS, | | of Dallas County, Texas |
| | § | |
| Appellee. | | (TC # F-0572492-P) |
| | § | |

**O P I N I O N**

Louis Terrance Smith appeals his conviction of unlawful possession of body armor by a felon. A jury found Appellant guilty and the trial court assessed his punishment at a fine of $500 and imprisonment for a term of two years. The court ordered that the sentence run consecutively and begin only when the judgment and sentence in cause number F-0572491-P[1] has been served. We reform the judgment to delete the cumulation order requiring that the sentence in this case run consecutively with the unlawful possession of a firearm by a felon case (Cause No. F-0572491-P). We further reform the judgment to order that the sentence in this case shall run concurrently with the sentence in cause number F-0572491-P, but shall run consecutively with and begin only when the judgment and sentence in cause number F-0572457-P[2] has been served. We affirm the judgment as so reformed.

---

[1] In cause number F-0572491-P, Appellant was convicted of possession of a firearm by a felon. We reformed the judgment and affirmed the conviction in a separate opinion issued on this same date. *Louis Terrance Smith v. State*, No. 08-08-00024-CR (Tex.App.--El Paso, Jan. 20, 2010).

[2] In cause number F-0572457-P, Appellant was convicted of possession of cocaine with intent to deliver. We reformed the judgment and affirmed the conviction in a separate opinion issued on this same date. *Louis Terrance Smith v. State*, No. 08-08-00041-CR (Tex.App.--El Paso, Jan. 20, 2010).

**FACTUAL AND PROCEDURAL BACKGROUND**

On December 6, 2004, Appellant was convicted of delivery of a controlled substance and sentenced to two years in state jail, probated for five years. On the same date, he was also convicted of possession with intent to deliver a controlled substance and sentenced to imprisonment for a term of ten years, probated for five years.

On June 10, 2005, Detective Jason Cox of the Dallas Police Department executed a search and arrest warrant at Appellant's apartment. After Cox and his entry team opened the front door, Cox observed Appellant sitting on a couch as he entered the apartment. As Appellant ran into the kitchen, Detective Cox noticed a pistol on the couch. Cox confronted Appellant in the kitchen and attempted to get him on the ground so that another officer could make the arrest. Appellant attempted to reach for his waistband and his mouth as he struggled with the officers; he was eventually handcuffed with the help of "two or three more" police officers. As he was led to the ground floor of the apartment complex, officers noticed that Appellant was choking and called an ambulance. Officer Mark Underwood, alerted that Appellant was unconscious, retrieved three baggies of cocaine from Appellant's throat after performing a "finger sweep."[3] CPR was performed on Appellant and he later regained consciousness at the hospital.

In Appellant's kitchen, Detective Cox discovered a rock of crack cocaine on a scale and a container with a false bottom. A bag of marijuana was found in the cabinet and small glass vials, normally used to store PCP or codeine, were found above the stove. Cox also recovered a loaded pistol on the couch, a set of two-way radios, a bullet proof vest, and a utility bill in Appellant's name. The address on the bill, 9855 Shadow Way, Apartment 2351, matched the address on the search and arrest warrant. Officers also seized approximately $1,100 from the apartment. Evidence

---

[3] Laboratory analysis established that the baggies contained 17.4 grams of cocaine.

admitted at trial established that Appellant's apartment fell within the drug-free zone surrounding Audelia Creek Elementary School.

A grand jury indicted Appellant for possession of cocaine with intent to deliver, possession of a firearm by a felon, and possession of body armor by a felon. The three cases were tried together and a jury returned a guilty verdict in each case. In the possession of cocaine with intent to deliver case (F-0572457-P), the jury affirmatively answered two special issues, finding that Appellant used or exhibited a deadly weapon and he committed the offense in a drug-free zone. The trial court assessed punishment of: (1) fifteen years' imprisonment and a $500 fine in the possession of cocaine with intent to deliver case (Cause No. F-0572457-P); (2) five years' imprisonment and a $500 fine in the unlawful possession of a firearm case (Cause No. F-0572491-P); and (3) two years' imprisonment and a $500 fine in the unlawful possession of body armor case (Cause No. F-0572492-P). The court orally ordered all three sentences to run consecutively with the possession of cocaine with intent to deliver case served first, the unlawful possession of a firearm case served second, and the unlawful possession of body armor served third.

The written judgments entered in the three cases are not consistent with the oral pronouncement of sentence. The written judgment in the possession of a firearm case (Cause No. F-0572491-P) orders that the sentence shall run consecutively and shall begin only when the judgments and sentences in both cause numbers F-0572457-P and F-0572492-P have ceased to operate. In effect, the written judgment makes the sentence in the possession of a firearm case the third sentence to be served rather than the second as the court pronounced at sentencing. The written judgment in the unlawful possession of body armor case (Cause No. F-0572492-P) orders that the sentence shall run consecutively and shall begin only when the judgment and sentence in cause number F-0572491-P has ceased to operate. That comports with the pronouncement of sentence but

conflicts with the written judgment entered in cause number F-0572491-P. Finally, the judgment in the possession of cocaine with intent to deliver case (Cause No. F-0572457-P) orders that the sentence run concurrently. That portion of the judgment is contrary to the trial court's oral pronouncement of sentence. This appeal follows.

## CONSECUTIVE SENTENCES

In Point of Error One, Appellant contends that the trial court erred in ordering his sentences to be served consecutively because Texas Penal Code § 3.03 prohibits such cumulation. The State agrees with Appellant that the sentences in the unlawful possession of a firearm by a felon (Cause No. F-0572491-P) and unlawful possession of body armor by a felon (Cause No. F-0572492-P) must run concurrently. It maintains, however, that the sentence in the possession of cocaine with intent to deliver case (Cause No. F-0572457-P) must run consecutively because Texas Health and Safety Code § 481.134(h), not Texas Penal Code § 3.03, controls.

### Statutory Construction

Courts are to construe a statute literally and according to its plain language, unless that language is ambiguous or interpretation would lead to absurd results that the legislature could not have intended. *Thompson v. State*, 236 S.W.3d 787, 792 (Tex.Crim.App. 2007), *citing Boykin v. State*, 818 S.W.2d 782, 785 (Tex.Crim.App. 1991). We assume that the Legislature intended a just and reasonable result. *See* TEX.GOV'T CODE ANN. § 311.021(3)(Vernon 2005). If a general provision conflicts with a special or local provision, the provisions shall be construed, if possible, so that effect is given to both. *Id.* § 311.026(a). If the conflict between the two provisions is irreconcilable, the special or local provision prevails as an exception to the general provision, unless the general provision is the later enactment and the manifest intent is that the general provision prevail. *Id.* § 311.026(b).

*Texas Penal Code § 3.03*

When the accused is found guilty of more than one offense arising out of the same criminal episode, a sentence for each offense for which he has been found guilty shall be pronounced. TEX.PEN.CODE ANN. § 3.03(a)(Vernon 2003). The sentences shall run concurrently, provided they do not fall within the exceptions set forth in Subsection (b). *Id.* The exceptions stated in § 3.03(b) are inapplicable here. *See id*. Consequently, the trial court erred in ordering the sentence in the unlawful possession of body armor case to run consecutively with the sentence in the unlawful possession of a firearm case.

*Health and Safety Code*

Section 481.102 of the Texas Health and Safety Code lists cocaine under "Penalty Group 1." TEX.HEALTH&SAFETY CODE ANN. § 481.102(3)(D)(Vernon 2003). A person commits an offense if he knowingly manufactures, delivers, or possesses with intent to deliver a controlled substance listed in Penalty Group 1. *Id.* § 481.112(a). An offense under Subsection (a) is a felony of the first degree if the amount of the controlled substance to which the offense applies is four grams or more, but less than two-hundred grams. *Id.* § 481.112(d). Appellant's conviction for possession with intent to deliver cocaine does not satisfy the criteria to run consecutively under Section 3.03(b) of the Texas Penal Code. *See* TEX.PEN.CODE ANN. § 3.03(b).

When certain offenses are committed in a drug-free zone, punishment for the offenses may be enhanced. *See* TEX.HEALTH&SAFETY CODE ANN. § 481.134 (Vernon 2003). Drug-free zones include schools, youth centers, public swimming pools, video arcades, and playgrounds. *See id.* The minimum term of confinement or imprisonment for an offense otherwise punishable under Section 481.134(c) is increased by five years and the maximum fine for the offense is doubled if it is shown that the offense was committed within one-thousand feet of a school. *Id.* § 481.134(c). Punishment

that is increased for a conviction for an offense listed under Section 481.134 may not run concurrently with punishment for a conviction under any other criminal statute. *Id.* § 481.134(h).

Based on the plain language of Section 481.134, Appellant's sentence for possession of cocaine with intent to deliver must run consecutively with the sentences in the other two cases. *See* TEX.HEALTH&SAFETY CODE ANN.§ 481.134; *Thompson*, 236 S.W.3d at 792. The special provision of Section 481.134(h) prevails over the general provision of Section 3.03(a) of the Texas Penal Code. Assuming the legislature intended a just and reasonable result when enacting the Texas Health and Safety Code, the Legislature did not manifestly intend for Section 3.03(a) to prevail. TEX.GOV'T CODE ANN. § 311.026(a). Appellant's sentence for possession with intent to deliver cocaine was punishable under Section 481.134(d) of the Texas Health and Safety Code, and the jury found that his apartment fell within the drug-free zone surrounding Audelia Creek Elementary School. *Id.* § 481.134(d). Appellant's convictions for unlawful possession of a firearm by a felon and unlawful possession of metal or body armor by a felon are both punishable under other criminal statutes. *See* TEX.PENAL CODE ANN. § 46.04(a)(Vernon Supp. 2009); TEX.PENAL CODE ANN. § 46.041 (Vernon 2003). Thus, the trial court did not err in ordering that Appellant's sentence in the possession of cocaine with intent to deliver case run consecutively with the sentences in his other two convictions. Point of Error One is sustained in part and overruled in part.

Having sustained Point of Error One in part, we reform the judgment to delete the portion of the cumulation order requiring that the sentence in this case run consecutively with the sentence in the unlawful possession of a firearm by a felon case (Cause No. F-0572491-P).[4] We further reform the judgment to order that the sentence in this case shall run concurrently with the sentence

---

[4] When the trial court has improperly entered a cumulation order, the correct remedy is to reform the judgment. *Beedy v. State*, 250 S.W.3d 107, 110 (Tex.Crim.App. 2008).

in cause number F-0572491-P, but shall run consecutively with and begin only when the judgment and sentence in cause number F-0572457-P has been served. The judgment, as reformed, is affirmed.

January 20, 2010

                ANN CRAWFORD McCLURE, Justice

Before Chew, C.J., McClure, J., and Barajas, C.J. (Ret.)
Barajas, C.J. (Ret.), sitting by assignment

(Do Not Publish)